JUSTS N. KARLSONS (State Bar No. 42899)
MATTHEW J. KEMNER (State Bar No. 188124)
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone: (415) 989-5900
Facsimile: (415) 989-0932
Email: mkemner@cbmlaw.com

ROBERT A. MITTELSTAEDT (State Bar No. 60359)
MARTHA BOERSCH (State Bar No. 126569)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Specially-Appearing Defendant
DAIMLERCHRYSLER AG

*E-FILED 5/8/06*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
### San Jose Division

| | |
|---|---|
| BARBARA BAUMAN et al., | Case No.: CV 04-194 RMW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL** |
| v. | |
| DAIMLERCHRYSLER AG and DOES 1 through 50, inclusive, | Richard Seeborg |
| Defendant. | Hon. ~~Ronald M. Whyte~~ |

STIPULATION FOR ENTRY OF PROTECTIVE ORDER:

      IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Barbara Bauman et al. ("Plaintiffs") and Defendant DaimlerChrysler AG ("Defendant") (collectively referred to hereinafter as the "Parties"), that all documents and any other proprietary, trade secret and/or confidential information, designated as "Confidential" or such other similar designation, shall be subject to the terms of this Stipulated Protective Order as set forth below.

CBM-SF\SF294525

### 1. Confidential Documents and Information

"Confidential" shall mean any document, material, items, testimony, or information that bears the stamp or legend "Subject to Protective Order" or "Confidential," or is otherwise designated as confidential under the provisions of this Protective Order. Confidential Material shall be limited to information that is lawfully entitled to confidential treatment under applicable law.

### 2. Declassification of Confidential Status

2.1  All Confidential Material shall be accorded confidential status pursuant to the terms of this Stipulation and Protective Order ("Protective Order") unless the parties formally agree in writing to the contrary or a determination is made by the Court as to confidential status and that determination has become final by expiration of the time period for which appellate review or intervention must be sought.

2.2  Should the party or person receiving material designated as Confidential Material object to their designation as such, it shall provide the Designating Party with a written objection that lists the documents or things which the receiving party seeks to have precluded from the Protective Order. Within fourteen (14) days of its receipt of such objection (by mail, by fax or by hand-delivery), the Designating Party shall respond to the Receiving Party. If Designating Party fails to respond, or responds and fails to agree to change the designation as requested, the Receiving Party shall have the right to file a motion with the Court seeking a determination that the designated documents at issue should not be subject to the provisions of this Protective Order. Until such time as a determination as to confidentiality is made, such confidential material shall be maintained in accordance with this Protective Order. This Order does not change or affect the burden by which the proponent of confidentiality must establish its entitlement to confidential or protected status for designated documents.

2.3  The failure of a Receiving Party to file a timely motion shall result in the subject document remaining subject to this Protective Order.

### 3. Non-Disclosure of Confidential Documents

3.1 Except as may otherwise be provided by this Protective Order, access to Confidential Material shall be limited to: (1) the Court and its officers; (2) court reporters; (3) outside counsel for the parties, including authorized secretarial, office, and legal assistant staffs of such attorneys; (4) the parties or employees of any party who are providing assistance to counsel in this action; (5) experts or consultants retained by the parties; (6) any person who prepared or originated the document or who is indicated on its face as a recipient of the original or copy thereof or otherwise legitimately received a copy of the document in the ordinary course of business; and (7) any trial witness to whom Confidential Material may be disclosed during or in preparation for his or her examination (hereinafter collectively referred to as "Approved Persons"). No Approved Person shall disclose or use any Confidential Material derived from this litigation for any business or competitive purpose, or for any purpose other than the prosecution, defense, and/or trial of this action. No Approved Person shall disclose Confidential Material, or any information derived therefrom, except as provided in this Protective Order. Disclosure or use for such allowed purpose shall be subject to the requirements and limitations provided in this Protective Order.

3.2 Confidential Material may be used in connection with the examination by deposition only if the person being deposed fits within one of the categories in paragraphs 4.1(1)-4.1(6) hereof. If any person other than the deponent or deponent's counsel is present at the deposition and does not come within the categories of persons defined in paragraph 4.1(1)-4.1(6) of this Protective Order, then that person shall not be permitted to be present while Confidential Material is used during the deposition.

3.3 The limitations of paragraph 3.1 also mean, among the other things set forth in this Protective Order, that Confidential Material—including but not limited to actual materials, quotes, or summaries of such material—shall not be contained in any pleadings, motions, affidavits, briefs, or other materials submitted to the public files of the Court (or in any manner that could cause Confidential Material to be reflected in the

public files of the Court). Any party seeking to bring Confidential Material to the Court's attention must comply with, and adhere to the provisions of, Local Rule 79-5 of this Court.

### 4. Acknowledgment of Protective Order

Any Approved Person, other than the Court, its officers, attorneys of record for the parties, and the staffs of those attorneys, having access to Confidential Material, shall be informed by counsel permitting such access of this Protective Order and shall execute a declaration of compliance in the form attached hereto as Exhibit A prior to having such access. Counsel shall maintain all executed versions of Exhibit A, and upon reasonable request by other counsel, shall provide access to such versions for inspection.

### 5. Non-Termination

5.1   At the conclusion of this litigation, all Confidential Material and all copies thereof shall be returned to counsel of record for the Designating Party. All notes, lists, memoranda, appendices or other writings that reveal Confidential Material shall be destroyed.

5.2   All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the Parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, agents, representatives and employees.

5.3   This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of Confidential Material, to modify the terms of this Protective Order, or to enter further Orders respecting Confidential Material, as may be necessary.

5.4   This Protective Order is entered into without prejudice to (1) any party's claim as to the propriety or impropriety of this action or any of the claims asserted therein; (2) any party's right to assert objections to any discovery request propounded in this action; (3) any party's right to assert objections to the admissibility of any Confidential Material in this action; and/or (4) any party's right to seek additional protections with respect to any information. Moreover, the receipt of any document, transcript, thing, or

information designated "Confidential" shall not be construed as an agreement by the receiving party that any such document, transcript, thing, or information is in fact Confidential Material, and shall not operate as a waiver of the receiving party's right to challenge any such designation as provided herein.

    5.5   This Protective Order is intended to provide a mechanism for the handling of Confidential Material to which there is no objection to production or disclosure, other than an objection of confidentiality. Each party reserve the right to object to any disclosure of information, or the production of any document, it deems Confidential Material on any other ground it may deem appropriate. However, neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object to such action, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a consent to any discovery in this action, a waiver of any right to object to the furnishing of information, and, except as expressly provided, shall not relieve any party of any disclosure obligation.

    5.6   If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, that party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order prior to producing such stamped confidential documents.

    5.7   Notwithstanding any provision in this Protective Order, a party may disclose and handle its own Confidential Materials in any manner it deems appropriate.

    5.8   By executing a copy of this Protective Order, each of the firms named below and the parties they represent undertake to abide by and be bound by its provisions, and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

**6.   Non-Party Production**

All parties to this Protective Order will be given an opportunity to review all documents and testimony produced or obtained from non-parties that the party, in good

1 | faith, believes may contain confidential or proprietary information. The party, within 30
2 | days of receiving such documents or testimony from the producing non-party, shall
3 | designate the documents or testimony that contains Confidential Material, and such
4 | documents or testimony shall be treated in accordance with the terms of this Protective
5 | Order. Failure to review and designate (by letter to the opposing party) the documents or
6 | testimony in question within 30 days of receipt from the producing non-party shall
7 | constitute the party's consent that the documents do not contain Confidential Material.

SO STIPULATED.

Dated: ~~March~~ April 19, 2006

CHAVEZ & GERTLER
INTERNATIONAL LABOR RIGHTS FUND
DANIEL M. KOVALIK

By _____
Daniel M. Kovalik
Attorneys for Plaintiffs
BARBARA BAUMAN et al.

Dated: ~~March~~ May 1, 2006

CARROLL, BURDICK & McDONOUGH LLP
JONES DAY

By _____
Matthew J. Kemner
Attorneys for Specially-Appearing Defendant
DAIMLERCHRYSLER AG

IT IS SO ORDERED.

Dated: May 8, 2006

_____
~~RONALD M. WHYTE~~
~~United States District Judge~~
RICHARD SEEBORG
U. S. Magistrate Judge

# EXHIBIT A

## DECLARATION REGARDING COMPLIANCE WITH PROTECTIVE ORDER

I, _____, declare that:

I have read and have been given a copy of the Stipulated Protective Order Regarding Confidential Material ("Protective Order") entered in the case of *Bauman et al v. DaimlerChrysler AG*, Case No. CV 04-194 RMW (N.D. Cal.). I agree to abide by said Protective Order and not to reveal or otherwise communicate to anyone, or to utilize, any of the information disclosed to me, pursuant thereto except in accordance with the terms of said Protective Order. I further agree to the jurisdiction of the Court over me to ensure my compliance with this Protective Order.

Dated:

_____
Signature

_____
Printed Name

_____

_____

_____
Address and Telephone Number